**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THE GAMEOLOGIST GROUP, LLC,

      Plaintiff,

vs.                                                                                         No. MC 10-0015 JB

SCIENTIFIC GAMES INTERNATIONAL, INC.,
and SCIENTIFIC GAMES CORPORATION, INC.,

      Defendants,

and

NEW MEXICO LOTTERY,

      Third-Party Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Notice of Motion to Compel, filed

June 9, 2010 (Doc. 1).  The Court held a hearing on July 7, 2010.  The primary issue is whether the

Court should compel Third-Party Defendant New Mexico Lottery ("NM Lottery") to appear at a

deposition.  Plaintiff Gameologist Group, LLC contends that the NM Lottery has refused to comply

with a deposition subpoena, notwithstanding good-faith efforts to work out a convenient time and

date for the deposition.  The NM Lottery argues that the Court should deny the motion to compel

because Gameologist Group's subpoena does not comply with rule 45 of the Federal Rules of Civil

Procedure.  The Court finds that the subpoena is deficient under rule 45 because Gameologist Group

did not tender the necessary witness and mileage fees simultaneously with the subpoena, and

because the subpoena did not include the text set out in rule 45(c) and (d).  See In re Dennis, 330

F.3d 696, 704 (5th Cir. 2003)("The plain meaning of rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonable estimated mileage allowed by law with service of a subpoena.")(internal quotes and alterations omitted); Tribulak v. Minirth-Meier-Rice Clinic, 111 F.3d 135 (Table), 1997 WL 177456, at *2 (8th Cir. Apr. 15, 1997)("[T]he district court did not abuse its discretion in quashing witness subpoenas which were not accompanied by the witness fee."); Tedder v. Odel, 890 F.2d 210, 211 (9th Cir. 1989)("Fees must be tendered concurrently with the subpoena."); Pivitol Colo. II, LLC v. Triple M Beteiligungs-GMBH & Co., No. CIV 07-1991 WDM/KMT, 2008 WL 349059, at *1 (D. Colo. Feb. 6, 2008)("The court finds unpersuasive the defendant's argument that because the non-party was represented by counsel, compliance with the specific and clear terms of the Rule should be excused."); Fed. R. Civ. P. 45(a)(1)(A) ("Every subpoena must . . . set out the text of Rule 45(c) and (d)."); Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy [and] tendering the fees for 1 day's attendance and the mileage allowed by law.").  For the reasons stated on the record, and for further reasons consistent with those already stated, the Court denies the Gameologist Group's motion to compel.  Gameologist Group will have to re-issue the subpoena in compliance with rule 45.  The Court finds, however, that there is no agreement between the parties that the deposition of NM Lottery will not take place; therefore, once a proper subpoena has been served, NM Lottery is likely obligated to comply with it.  The Court denies the NM Lottery's request for fees and costs.  Although the Court denied Gameologist Group's motion to compel, the motion was not wholly without authority, and the Court thus finds that an award of fees would be unjust under the circumstances.  See Fed. R. Civ. P. 37(a)(5)(B) ("[T]he court must not [award fees] if the motion [to compel] was substantially justified or other circumstances make an award of expenses unjust.").

IT IS ORDERED that Plaintiff Gameologist Group, LLC's Notice of Motion to Compel is

denied, and Third-Party Defendant New Mexico Lottery's request for fees is likewise denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Jon Adams
Albuquerque, New Mexico

      *Attorney for Plaintiff*

Robert Conklin
Christa M. Hazlett
Conklin, Woodcock, Ziegler, PC
Albuquerque, New Mexico

      *Attorneys for Third-Party Defendant*